UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CRAIG BINGAMAN,

    Petitioner,

vs.

WARDEN LEGRAND, et al.,

    Respondents.

Case No. 3:15-cv-00046-LRH-WGC

**ORDER**

Petitioner has paid the filing fee (#4). He also has filed an application to proceed in forma pauperis (#5), which is moot. The court has reviewed his petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action as untimely.

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012). See also Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a

properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

If § 2244(d)(1)(D) is applicable, then the one-year period starts to run when the petitioner learned, or could have learned through due diligence, the important facts, not the legal significance of the facts. Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 624. The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

Pursuant to a guilty plea, petitioner was convicted in state district court of second-degree murder with the use of a deadly weapon. On September 26, 2008, the state district court sentenced petitioner to a term of twenty-five years' imprisonment, with parole eligibility beginning after 10

1  years, for second-degree murder.  The state district court imposed an equal and consecutive sentence
2  for the use of a deadly weapon.  The state district court entered its judgment of conviction on
3  October 8, 2008.  Petitioner did not appeal, and the judgment became final at the end of November
4  7, 2008.
5       The deadly-weapon enhancement law, Nev. Rev. Stat. § 193.165, was amended effective
6  July 1, 2007.  Before that date, it required a consecutive sentence equal to the sentence for the
7  primary offense; this is the sentence that petitioner received.  The amended statute provides for a
8  sentence consecutive to the sentence for the primary offense with a minimum term of not less than 1
9  year and a maximum term of not more than 20 years, but the deadly-weapon sentence cannot exceed
10 the sentence for the primary offense.  Petitioner's criminal case, State v. Bingaman, Case No.
11 04C201008,[1] was filed in the state district court on April 29, 2004, and it was open when § 193.165
12 was amended.
13      Petitioner pursued three post-conviction motions or petitions through the state court before
14 he commenced this action.  The first was a motion for sentence modification, filed on October 18,
15 2012.  The state district court denied the motion.  Petitioner appealed, and the Nevada Supreme
16 Court affirmed on July 23, 2013.  Bingaman v. State, Case No. 62196.[2]  The second was a motion to
17 correct an illegal sentence, filed on January 11, 2013.  The state district court denied the motion.
18 Petitioner appealed, and the Nevada Supreme Court affirmed on July 23, 2013.  The Nevada
19 Supreme Court noted that it has determined that the 2007 amendments to Nev. Rev. Stat. § 193.165
20 do not apply retroactively.  Bingaman v. State, Case No. 62644.[3]  The third was a post-conviction
21 petition for a writ of habeas corpus, filed on April 4, 2014.  The district court denied this petition.
22 Petitioner appealed, and the Nevada Supreme Court affirmed on December 11, 2014.  It held that

---

[1] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=7508425 (last visited June 10, 2015).

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=30370 (last visited June 10, 2015).

[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=30822 (last visited June 10, 2015).

the petition was untimely pursuant to Nev. Rev. Stat. § 34.726(1) because he filed it more than a year after entry of the judgment of conviction. Bingaman v. State, Case No. 66210.[4] The remittitur issued on January 6, 2015.

Petitioner mailed his federal habeas corpus petition to this court on January 16, 2015.

On its face, the petition is untimely. The provision controlling the start of the one-year period appears to be 28 U.S.C. § 2244(d)(1)(A), the finality of the judgment of conviction. Petitioner alleges that he should have been sentenced pursuant to the 2007 amendments to Nev. Rev. Stat. § 193.165. However, he learned that he was sentenced pursuant to the former version of § 193.165 on the date of his sentencing hearing on September 26, 2008. This occurred before the entry of the judgment of conviction on October 8, 2008, and the finality of that judgment on November 7, 2008. Petitioner might have learned the legal significance of his sentencing later than the entry of judgment, but, as the court of appeals held in Hasan v. Galaza, noted above, it is the discovery of the important facts, not the legal significance of the facts, that would start the period of limitation under § 2244(d)(1)(D). Consequently, petitioner had one year from the finality of the judgment of conviction, November 7, 2008, to file a federal habeas corpus petition.

Petitioner filed nothing in state court in the year after his judgment of conviction became final. The one-year period of limitation expired on November 9, 2009, taking into account that the expiration date otherwise would have been on a Saturday. Petitioner's three post-conviction motions or petitions, described above, would not have tolled the period of limitation pursuant to 28 U.S.C. § 2244(d)(2) because the period had expired almost three years before he filed his first motion, and there was no time left to toll. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Furthermore, the state post-conviction habeas corpus petition could not have tolled the period of limitation, even if there was time left to toll, because that state petition was untimely and thus ineligible for tolling. See Pace, 544 U.S. at 417. The current federal habeas corpus petition,

---

[4]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=34408 (last visited June 10, 2015).

-4-

mailed on January 16, 2015, is more than five years late. Petitioner will need to show cause why the court should not dismiss this action as untimely.

Petitioner has filed a motion for appointment of counsel (#6). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition, the court concludes that appointment of counsel is not warranted.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#5) is **DENIED** as moot.

IT IS FURTHER ORDERED that the motion for appointment of counsel (#6) is **DENIED**.

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that the clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

///
///
///
///
///
///

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED this 13th day of June, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE