# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CRAIG BINGAMAN,

    Petitioner,

vs.

WARDEN LEGRAND, et al.,

    Respondents.

Case No. 3:15-cv-00046-LRH-WGC

**ORDER**

The court directed petitioner to show cause why the court should not dismiss the action as untimely (ECF No. 7). Petitioner has filed a response (ECF No. 12). The court is not persuaded, and the court dismisses this action.

As the court has noted earlier, petitioner was convicted of second-degree murder with the use of a deadly weapon, pursuant to a guilty plea agreement. At the time he committed the murder, Nev. Rev. Stat. § 193.165 required the use of a deadly weapon be punished by a sentence equal and consecutive to the sentence for the primary offense. On July 1, 2007, § 193.165 was amended. The use of a deadly weapon now is punished by a consecutive sentence with a maximum term no greater than 20 years and a minimum term no less than 1 year, but this consecutive sentence cannot exceed the sentence for the primary offense. The district court has certain factors it must consider in determining the deadly-weapon sentence.

In petitioner's case, at the time of the guilty plea agreement an open question was whether to apply the old version of § 193.165 or the new version of § 193.165. In State v. District Court (Pullin), 188 P.3d 1079 (Nev. 2008), the Nevada Supreme Court answered the question. Like

petitioner, Pullin committed murder with the use of a deadly weapon when the old version of § 193.165 was in effect. Also like petitioner, Pullin pleaded guilty to the charge, the only difference being that the charge was first-degree murder in Pullin's case. By the time of sentencing, the new version of § 193.165 was in effect. At the sentencing hearing, Pullin and the prosecution argued over which version of § 193.165 to use. The state district court used the new version of § 193.165 to impose a consecutive sentence of 8 to 20 years for the use of a deadly weapon. Before entry of the judgment of conviction, the prosecution petitioned the Nevada Supreme Court for a writ of mandamus. Id. at 1080. The Nevada Supreme Court determined that the legislature did not intend for the amendments of § 193.165 to apply retroactively. Id. at 1080-84. Consequently, the state district court erroneously sentenced Pullin under the new version of § 193.165. The Nevada Supreme Court granted the petition for a writ of mandamus, and the state district court needed to hold a new sentencing hearing that imposed a deadly-weapon sentence under the old version of § 193.165. Id. at 1084.

Pullin answered the question about what version of § 193.165 to use in petitioner's case. Petitioner thus received a sentence of 25 years imprisonment with minimum parole eligibility after 10 years for second-degree murder, plus an equal and consecutive sentence for the use of a deadly weapon.

Petitioner does not dispute the dates the court used in its order directing him to show cause. Petitioner does argue that under 28 U.S.C. § 2244(d)(1)(D) the one-year period of limitation should not have started until October 2012. In that month, he learned of two other cases in which the state district court erroneously applied the new version of § 193.165 to the uses of deadly weapons that occurred before the amendments became effective. The court is not persuaded.

To support his argument, petitioner has presented minutes of the Eighth Judicial District Court for Jorge Witrago, Case No. 07C234324, and Rafael Castillo-Sanchez, Case No. 05C217791. Petition, Exhibits A and B (ECF No. 8). Petitioner argues that both defendants committed deadly-weapon crimes before the amendments of § 193.165 went into effect. Witrago was convicted of second-degree murder. The state district court sentenced Witrago to life imprisonment with eligibility for parole starting after 10 years for the primary offense, and a consecutive sentence of 8

to 20 years for the use of a deadly weapon. Castillo-Sanchez was convicted of first-degree murder with the use of a deadly weapon and assault with a deadly weapon.[1] The state district court sentenced Castillo-Sanchez to life imprisonment without the possibility of parole for first-degree murder and a consecutive term of 8 to 20 years for the use of a deadly weapon. The state district court also imposed a consecutive sentence for assault with a deadly weapon.

First, the court is not convinced that what petitioner learned in October 2012 is the factual predicate for a claim. The court does not know the full context of these cases, but the court will assume for the purposes of this order that in each case the state district court used the new version of § 193.165 in complete error. However, these errors favored the defendants, and they certainly would not have appealed to correct the error. At best, petitioner has demonstrated that the prosecution in each case failed to petition the Nevada Supreme Court for a writ of mandamus, as happened in Pullin. The court does not see how the prosecution's failure to try to correct illegal sentences in those two cases raises a claim that petitioner's legal sentence is unconstitutional.

Second, even if the court were to credit petitioner's argument under § 2254(d)(1)(D), this action still would be untimely. The court will assume that petitioner learned about Witrago's and Castillo-Sanchez's sentences on October 1, 2012. Petitioner filed a motion for sentence modification on October 18, 2012, and he filed a motion to correct an illegal sentence on January 11, 2013. The times spent on these motions overlapped, and the illegal-sentence motion concluded with the issuance of the remittitur on October 17, 2013. A motion for modification of a sentence or for correction of an illegal sentence under Nev. Rev. Stat. § 176.555 does not have a time constraint, and so they are eligible for tolling under 28 U.S.C. § 2244(d)(2). Petitioner filed a post-conviction habeas corpus petition on April 4, 2014. The Nevada Supreme Court determined that the petition was untimely under Nev. Rev. Stat. § 34.726. Remittitur issued on January 6, 2015. The time spent on this petition did not toll the federal one-year period because an untimely state petition is not properly filed within the meaning of § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

---

[1]The penalty for assault with a deadly weapon is defined in the assault statute itself, Nev. Rev. Stat. § 200.471. The enhancements of Nev. Rev. Stat. § 193.165 do not apply to the crime of offense with a deadly weapon.

Between the conclusion of the illegal-sentence motion on October 17, 2013, and the mailing of the federal habeas corpus petition to this court on January 16, 2015, 456 days passed. A total of 473 non-tolled days passed from the time that petitioner learned about Witrago's and Castillo-Sanchez's sentences and the effective commencement of this action, and that time alone exceeds the one-year period of § 2244(d).

The court finds that equitable tolling is not warranted. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner knew he had a problem with timeliness when he filed his state habeas corpus petition, and he could have filed a protective federal petition. He did not. Neither extraordinary circumstances nor diligence is apparent.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that this action is **DISMISSED** with prejudice because it is untimely. The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED this 11th day of April, 2017.

                                        LARRY R. HICKS
                                        UNITED STATES DISTRICT JUDGE